MERRELL DOW PHARMACEUTICALS, INC., Petitioner,

v.

Ernest HAVNER and Marilyn Havner on behalf of their minor child Kelly HAVNER, Respondents.

No. 95–1036.

Supreme Court of Texas.

Dec. 11, 1997.

SPECTOR, Justice, dissenting to the order of referral dated December 11, 1997.

I do not dispute that much of the *Havner* motion for rehearing is an intemperate attack on the members of this Court. I would have preferred, of course, that the movant's attorneys had dispensed with the inflammatory rhetoric and concentrated on the critical legal issues involved. Nevertheless, I do not believe that their writing can possibly form the basis for lawyer discipline.

Further, more than fifty years ago Justice Black recognized (in the context of a contempt proceeding for statements published in a newspaper) that attempts to stifle criticism of judges and our courts may, in fact, be counterproductive:

The assumption that respect for the judiciary can be won by shielding judges from published criticism wrongly appraises the character of American public opinion. For it is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions. And an enforced silence, however limited, solely in the name of preserving the dignity of the bench, would probably engender resentment, suspicion, and contempt much more than it would enhance respect.

*Bridges v. California,* 314 U.S. 252, 270–71, 62 S.Ct. 190, 197–98, 86 L.Ed. 192 (1941). I therefore do not join the other members of this Court in today's order of referral.